UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY LEE COLEMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00125-JMB |
| | ) | |
| MICHELE BUCKNER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on review of petitioner Larry Lee Coleman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). For the reasons discussed below, the petition will be denied and dismissed as successive. *See* 28 U.S.C. § 2244(b).

**Background**

Petitioner is a self-represented litigant who is currently incarcerated at the South Central Correctional Center in Licking, Missouri. On July 29, 1999, following a jury trial, petitioner was convicted of three counts of first-degree robbery, one count of attempted robbery, four counts of armed criminal action, one count of possessing a defaced firearm, and one count of first-degree trespass. *State of Missouri v. Coleman*, No. 22981-02676-01 (22nd Jud. Cir., City of St. Louis).[1] On August 27, 1999, he was sentenced to an aggregate term of 95 years' imprisonment. Petitioner's conviction and sentence were affirmed on September 18, 2000. *State of Missouri v. Coleman*, No. ED76933 (Mo. App. 2000). His subsequent motion for rehearing was denied, as was his application to transfer to the Missouri Supreme Court.

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Following his direct appeal, petitioner filed a postconviction motion under Rule 29.15 in the state circuit court. *Coleman v. State of Missouri*, No. 2201P-04093 (22nd Jud. Cir., City of St. Louis, Feb. 16, 2001). The motion was denied on April 29, 2003, whereupon petitioner filed a notice of appeal. The Missouri Court of Appeals affirmed the denial of petitioner's motion on March 23, 2004, and issued its mandate on April 27, 2004. *Coleman v. State of Missouri*, No. ED83050 (Mo. App. 2004).

On April 18, 2005, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Missouri. *Coleman v. Roper*, No. 4:05-cv-613-TCM (E.D. Mo.). The petition was denied on the merits and the action dismissed on May 6, 2008.[2] Petitioner sought to appeal, but the United States Court of Appeals for the Eighth Circuit denied his application for a certificate of appealability on October 28, 2008. *Coleman v. Roper*, No. 08-2241 (8th Cir. 2008). Petitioner filed a motion for relief in this Court on January 26, 2009, which was denied the following day. *Coleman v. Roper*, No. 4:05-cv-613-TCM (E.D. Mo.). He filed a notice of appeal on February 4, 2009. The United States Court of Appeals for the Eighth Circuit summarily affirmed the Court's judgment on April 29, 2009. *Coleman v. Roper*, No. 09-1289 (8th Cir. 2009). The United States Supreme Court denied his petition for writ of certiorari on May 18, 2009. *Coleman v. Roper*, No. 08-9555 (2009).

On January 31, 2017, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Missouri. *Coleman v. Cassady*, No. 17-0087-CV-W-BCW-P (W.D. Mo.). The Western District transferred the case on February 10, 2017. The Court dismissed the petition on March 2, 2017. *Coleman v. Cassady*, No. 4:17-cv-734-DDN (E.D. Mo.). In so doing, the Court noted that petitioner could not seek relief

---

[2] Petitioner sought relief on seventeen grounds. The Court found that all but two of petitioner's grounds were procedurally barred. The remaining two grounds were determined to be without merit.

under § 2241, because he was already in custody pursuant to the judgment of a state court. As such, he could only seek relief through 28 U.S.C. § 2254. However, the Court could not entertain a § 2254 petition because it would be second or successive.

Petitioner filed the instant action on January 20, 2022, in the United States District Court for the Western District of Missouri. *Coleman v. Buckner*, No. 22-00046-CV-W-BCW-P (W.D. Mo.). The Western District transferred the matter here on January 4, 2022. (Docket No. 4).

### The Petition

Petitioner brings the instant action pursuant to 28 U.S.C. § 2254. (Docket No. 1). It is handwritten on a Court-provided form. Attached to the petition are an additional 56 pages of exhibits. (Docket No. 1-1). In the petition, petitioner challenges his conviction in *State of Missouri v. Coleman*, No. 22981-02676-01 (22nd Jud. Cir., City of St. Louis). (Docket No. 1 at 1). He has presented a single ground for relief, which he titles "Jurisdictional Issue." (Docket No. 1 at 6). Specifically, petitioner argues that the circuit court violated his right to a speedy trial, and thereafter lost its jurisdiction over him. (Docket No. 1 at 7).

### Discussion

Petitioner is a self-represented litigant who brings this petition pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition must be denied and dismissed because it is successive. *See* 28 U.S.C. § 2244(b).

A. **Successive Petition**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for federal habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 326-29 (1997). Under the AEDPA, there is a "stringent

3

set of procedures" that a state prisoner "must follow if he wishes to file a second or successive habeas corpus application challenging that custody." *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

Generally, a claim presented in a "successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). For claims in a successive application that were not presented in a prior application, however, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). *See also Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (stating that authorization by the Eighth Circuit Court of Appeals is a "prerequisite under 28 U.S.C. § 2244(b)(3)…to the filing of a second or successive habeas petition").

Here, as noted above, petitioner filed a prior petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 18, 2005. The petition was denied and the action dismissed on May 6, 2008. The United States Court of Appeals for the Eighth Circuit denied petitioner a certificate of appealability. This prior § 2254 petition makes the instant petition second or successive. Indeed, on March 2, 2017, the Court dismissed a purported 28 U.S.C. § 2241 petition as an attempt to file a successive § 2254 petition.

To the extent petitioner seeks to relitigate claims he brought in his original 28 U.S.C. § 2254 petition, those claims must be dismissed pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, he must first obtain leave from the United States Court of Appeals for the Eighth Circuit before bringing those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition by the Court of Appeals. As such, the petition must be denied and dismissed as successive.

4

**B. Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a 28 U.S.C. § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Here, it plainly appears that petitioner is not entitled to relief because he has previously filed a § 2254 habeas petition in this Court, making the instant petition successive.

**C. Certificate of Appealability**

The Court has considered whether or not to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). In order to issue such a certificate, the Court must find a substantial showing of the denial of a federal right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Petitioner has not made such a showing, so the Court will not issue a certificate of appealability.

**D. Motion for a Bond**

Petitioner has filed a "Motion for a Bond," arguing that the state circuit court violated his right to a speedy trial, that the circuit court lost its jurisdiction over him, and that he has therefore been illegally sentenced and confined. (Docket No. 7). The motion will be denied as moot as petitioner's 28 U.S.C. § 2254 petition is being denied and dismissed as second or successive. *See* 28 U.S.C. § 2244(b).

5

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED AND DISMISSED AS SUCCESSIVE.** *See* 28 U.S.C. § 2244(b). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for a Bond" (Docket No. 7) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability.

Dated this 8th day of March, 2022.

                                                        JOHN A. ROSS
                                                        UNITED STATES DISTRICT JUDGE